on the calendar, which is No. 21-1523, S.A. Hospitality Group, LLC v. Hartford Fire Insurance Company, Mr. Taylor. Good morning, everyone. This is Mr. Taylor, and we have Leslie Towns. This is a case involving business interruption insurance for business interruption caused by shutdowns due to the COVID pandemic. The policy language in question in our policy covered direct physical loss through damage to property. And it is our allegation that our client suffered a loss, direct physical loss, in terms of this policy because they were unable to use the property for its intended purpose. So I think we understand your argument. Can I ask, didn't we just decide this issue in 10012 Holdings? Yes, yes, we did. And the 10012 Holdings relied upon a First Department Appellate Division case, Roundabout Theater, which held that direct physical loss through damage requires damage, which runs contrary to cases from the New York Court of Appeals. No, but the problem is that we've got a prior precedent in this circuit, and if it's controlling on us, we have to follow it. Your Honor, do you have to follow it? Unless there is, you're also bound to follow the... We can't question it. We can't question that decision or rule in a way that conflicts with it. I mean, unless we can distinguish this case on the facts. Or I suppose if the New York courts have said something different in the interim. Yeah, for the meantime. So I guess maybe you could answer two questions. One is, if we take 10012 Holdings as a given, does that mean that you have to lose this case? Yes. Oh, it does mean that? Yes. Okay, so then you're suggesting that it's not right. So even if we can't reconsider the precedent, I suppose we could call for an en banc rehearing. So why don't you just let us know why you think it was wrong? The reason that it's wrong is because under New York law, as enunciated by the Court of Appeals, insurance policies have to be read so that nothing is read out of the policy. Everything is given full force of effect. And words separated by or are to be given separate meanings. So physical loss and physical damage have separate meanings. They must have separate meanings. Right. But don't they still have separate meanings if you say actual physical loss, meaning, you know, total dispossession of the property, like loss of the physical possession of the property and physical damage to the property? Those are two different things. But you didn't physically lose your property. You were denied access to it by government policy. Well, first of all, there's no New York appellate case that makes the distinction that Your Honor just made. Second of all, SA was dispossessed from its property because it has restaurants, cafes that it uses for in-house dining. And it was dispossessed from those portions of its property by not being able to use that part of its property. Where's the physical loss, though, and the physical loss of the property? In fact, it couldn't be used for business because the governor or the city official had— But is that not really—I mean, it would be different if you were talking about, for instance, some type of hazard, asbestos, something within the facility where, in fact, you are not able to use it. Here, you are able to use the facility. You have—you're not able to use it for business purposes, but you are able still to go into the facility. It's not—there's not a lack of ability to use. But you still can't use the property for its intended purpose. The winner for—Petticoat v. Winterthur talks in terms of physical—the direct physical aspect of losing value or diminishing— because you can't use it for in-house dining. Well, first of all, I don't think—I don't see why loss and physical damage, physical loss, physical damage, are— I mean, I see them as being separate, right? Right. Because you could lose something important in the property. Somebody takes it. Somebody steals it. And then it's lost. Correct. Suppose it's the furniture. Right. Somebody comes in and grabs the furniture and leaves. That's physical loss. Certainly. And damage—the chairs are not damaged.  They're—so they can be read. I mean, you don't—they don't compete with each other. Right. And both are covered. Right. Marriott makes that distinction, but then it goes on to say that loss or damage requires damage. But to use Your Honor's example, if loss were to be interpreted as, you know, stolen or mislaid, then the coverage really is illusory with respect to real property because you can't lose or mislaid or have a building stolen. Well, the whole building can't be stolen. Right, exactly. Well, why would that make it illusory? So the policy covers physical loss or physical damage. And why do both terms have to apply to all types of property? Because the insured property is what's stated there. In our case, it's the buildings and the contents. Right, the contents. So you could lose the furniture or an oven or something that is— You also have to have coverage for the building for loss or damage. So— In the case of the building, more likely than not. I mean, one could speculate, I suppose, and come up with some weird hypothetical. But you can't do that. If you don't do that, then the building would be really covered under the damage part, but the loss would apply to the contents. There's no distinction in the policy, though, Your Honor, between real property and personal property. Right, right. Okay, well, thank you, Mr. Taylor. You've reserved time for rebuttal, so we'll hear from you again. Let's hear from Mr. Freeman for the appellee. Fryman. Fryman, sorry. Good morning, Your Honor. First, may it please the Court, and on behalf of the government, I move that the date on behalf of the department of fire, as opposed to the counsel just conceded, 10,012 Holdings compels the result of this case of affirmance. This Court, in 10,012 Holdings, construed the precise same language and the precise same conditions. That is, under allegations that government shutdown orders led to reduced income for businesses. The question was, under New York law, whether crowd-to-crowd theater gave the answer. This Court said it did. Two subsequent panels of this Court have followed that opinion. Of course, 10,012 is a published and precedential opinion. Again, both Brian Ridge and Kim Sheehan, two additional panelists, came to the same conclusion. So did a panel of the 11th Circuit applying New York law in the assent case that we provided attorney Taylor for. I would add that this question has been answered in the same way by all of the eight federal circuits that have resulted under different states' laws in 25 separate decisions, as well as every single state and public court that has addressed this issue in the nation. There have been no dissents in any of those cases. I would also add that this Court— I think we have the point that if we adhere to that decision, then that determines the outcome here. So why don't you address this argument that it might have been wrong in the prior case to say that physical loss and physical damage both require damage, that that doesn't do justice to the separateness of those two terms. Well, I don't think that's either what 10,012 Hogan said or what Roundabout said, Judge Milosz. So Roundabout Theater specifically talks about what Judge Walker mentioned a moment ago, which is that it's possible the property could be stolen or mislaid. In the context of Roundabout Theater, the appellate division talks about theater cops and other property. So there certainly would be a clear difference in meaning between loss and damage. To take the example of what happened— So you're saying when somebody steals a piece of property, that is a loss. And that's why we have the separate term, because it's a loss without necessarily a damage. That's right. So you don't need damage for a loss. Just you need the loss itself. That's correct, yeah. So if the government is saying, well, you're not allowed to access this property, why isn't that a loss? Well, it's not a loss because it's not a physical loss. Because the property is still there. The property is still there. Nothing's different. I mean, if the government were to come and padlock the door so that you couldn't actually enter the property, would that be a physical loss? I don't think that's a physical loss. That's a government restriction. And there may be different types of claims against the government. But there's not a claim under this private contract of insurance that requires— Well, if a private party, like a thief, put some kind of padlock on the entrance and like sort of extorted the building owner and said, you have to give me a ransom, otherwise I'll prevent you from entering your property, would that be a physical loss? I don't know whether the application of a lock to the structure would constitute a physical damage to the structure. No, assuming that it doesn't damage the structure, it just means that you can't enter it. I don't think so, Your Honor. I still think there needs to be a physical loss of the property. So the policy wouldn't cover that even though you can't enter the property? I think that would present a harder question than we have here, Your Honor. So why is that harder? I mean here they can't use the property for what they're—what it's supposed to be used for. Does it really make a difference if they could enter the property? The pleadings here indicate that they were able to use the property. They were not able to use it for dining in-house, but they were still able to use it for takeout and other purposes. And that was the same in the 2012 whole case. So there's a restriction. There's a governmental restriction. But that's the same as the sorts of governmental restrictions on businesses that occur all the time. I mean the health inspector could come in and say there's a E. coli infection, you need to shut down for two weeks. There could be motion restrictions. The fire marshal could say you can't have as many tables as you have. There could be a blue law that says you can't open on Sunday, you can't sell liquor on Sunday. All these are governmental restrictions that reduce the use of the premises, reduce the profits that the plaintiffs can achieve. But they are not a direct physical loss of property. And that's the tough stuff here. That's why I said the 2012 whole case would write more of a hefty statement. So then to respond to what opposing counsel said, is it correct that the provision for physical loss just will never apply to real property because the real property never disappears without being damaged? Well, I'm not sure whether it's possible that that would be the questions answered by New York courts as to whether the term direct physical loss can include total loss as in the utter destruction of something, the property burns to the ground, for instance. Well, there would be damage in that case, right? Well, there would be damage. Perhaps a court would determine that there was damage up to the point of total destruction at which point that constituted total loss. And that's why the clause, the period of restoration clause, referred to in the briefs, it calls for repair, replacement, or restoration. You would need, of course, to replace if something was totally destroyed in the same way as if something was sold, whereas repair or restore would occur if there was some partial damage. What you're saying is that maybe the loss provision is there to cover total destruction, which might not count as damage because it's complete loss. Is that the suggestion? It's something that the New York courts have not addressed and don't need to address here because obviously that's not the fact of the matter. Is there some reason for believing that that's why the contract says loss or damage? There's nothing in the record or the plain language here, but certainly courts in other jurisdictions have addressed this and have found that the phrase loss does include total loss. On this record, it's clear that this court should follow the three comments of this court that have preceded it in looking at this question, as well as all the federal health court station records, all the state health court station records, and more than 50 judges in each court, state and federal, have come to the same conclusion with regards to the meaning of direct physical loss in these circumstances. There is a break in the ground, and there's a reason that's what the judge suggested for this court to go unlawfully, and this is the fourth time that he's said this question. If there are no further questions. If there are no further questions from my colleagues, well then, thank you, Mr. Freiman. We'll hear back from Mr. Taylor. Thank you, Your Honor. Thank you, Your Honor. I think that it's already understood that there's still a lot of unanswered questions under New York law with respect to direct physical loss or damage, and maybe it could be an argument, and I think it's maybe the best solution is to ask the New York Court of Appeals to clear it up and tell everyone what New York law, what they think New York law ought to be, because that's what is really important. In terms of the... Is there any reason to think that the New York Court of Appeals would take a certification where the lower courts have been, in New York, have been, as far as I can tell, unanimous? Well, all the lower courts in New York are unanimous, but they're following roundabout theater, and to go back to my original argument, roundabout theater works contrarily to other rules that are not stated by the Court of Appeals. Well, what about Mr. Freiman's argument that government policies deny uses of property all the time, and that's not something that's normally covered by this provision? Well, no, that's not exactly correct. Usually there's exclusions that would cover, you know, not complying with zoning orders, not complying with the building and things like that. It's not a question whether there's a direct disadvantage to the property. So if the health inspector or the building inspector comes in and says you can't operate here because you need to come up to code, you're saying that would be covered by the policy but for an exclusion in the policy that specifically says that that's not a covered loss? Correct. Now, back to this idea that just loss equals destruction. First of all, there's no New York appellate court that says that, and destruction is just a more extreme form of damage. And if the policy only covered damage, and a building was burned down to the last cinder and couldn't be repaired, I really don't think that an insurance company could come in and say, no, this is not covered because that's destroyed, it's not damaged. Logistically, linguistically, I'm challenged. And as far as all the other federal courts all over, that really doesn't have anything to do with anything for a couple of reasons. First of all, we're dealing with what the New York law says and what the New York Court of Appeals would say. And this whole area of the COVID business interruption coverage is federal common law running rampant because you've got all these federal cases repeating the same idea that runs contrary to state court rules of insurance implementation.